UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Johnnie Walker,            )    Civil Action No.: 8:17-cv-00164-RBH
                           )
         Petitioner,       )
                           )
v.                         )    **ORDER**
                           )
Dennis Bush, Warden,       )
                           )
         Respondent.       )
_____)

Petitioner Johnnie Walker, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The matter is before the Court for consideration of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Jacquelyn D. Austin.[1] *See* ECF Nos. 17 & 19. The Magistrate Judge recommends granting Respondent's motion for summary judgment and denying Petitioner's § 2254 petition.

## **Background**

The State of South Carolina accused Petitioner and seven other codefendants of being involved in the disappearance and death of Jeremy Leaphart, who went missing in December 2007 and whose body was found in January 2008 in a trash pile in Aiken County. *See generally* ECF No. 11-1[2] at pp. 30–43. In July 2008, the State indicted Petitioner for accessory after the fact to a felony. *See* ECF No. 11-3. In April 2009, Petitioner, represented by counsel, waived presentment of a kidnapping indictment to the grand jury and pled guilty to the kidnapping charge.[3] *See* ECF No. 11-1 at pp. 3–143, 232–33.

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

[2] Docket entry number 11-1 contains the state court appendix.

[3] The accessory charge was nolle prossed. *See* ECF No. 11-3; ECF No. 11-1 at p. 43.

The state plea court sentenced him to thirty years' imprisonment and denied his motion to reconsider the sentence. *See id.* at pp. 73, 145–72; ECF Nos. 11-4, 11-5, & 11-6. Petitioner filed a direct appeal, and the South Carolina Court of Appeals summarily affirmed in an unpublished opinion. *See* ECF Nos. 11-7 through 11-19. Petitioner then filed an application for post-conviction relief ("PCR") in state court. *See* ECF No. 11-1 at pp. 173–78. After holding a hearing at which Petitioner and his trial counsel testified, the PCR court issued a written order denying and dismissing the PCR application with prejudice. *Id.* at pp. 185–231. Petitioner filed a *Johnson*[4] petition for a writ of certiorari from the denial of his PCR application, and the South Carolina Supreme Court summarily denied the *Johnson* petition and remitted the case. *See* ECF Nos. 11-20 through 11-25.

Petitioner then filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. Respondent answered by filing a return and a motion for summary judgment. *See* ECF Nos. 11 & 12. Petitioner filed a response in opposition to Respondent's motion. *See* ECF No. 15. The Magistrate Judge issued an R & R recommending that the Court grant Respondent's motion for summary judgment and deny Petitioner's § 2254 petition. *See* R & R [ECF No. 17] at p. 29. Petitioner filed timely objections to the R & R. *See* ECF No. 19.

## Legal Standards

### I. Review of the Magistrate Judge's R & R

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a

---

[4] *See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988) (applying the procedure set forth in *Anders v. California*, 386 U.S. 738 (1967), for meritless PCR appeals). Petitioner filed a pro se response to the *Johnson* petition. *See* ECF No. 11-23.

de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## II. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see generally* Rule 12 of the Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); *Brandt v. Gooding*, 636 F.3d 124, 132 (4th Cir. 2011) ("Federal Rule of Civil Procedure 56 'applies to habeas proceedings.'" (quoting *Maynard v. Dixon*, 943 F.2d 407, 412 (4th Cir. 1991))). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

3

"The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

### III.     Federal Habeas Review Under 28 U.S.C. § 2254

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 governs review of his claims. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

>   (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This is a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted). "Section 2254(d)(1) describes the standard of review to be applied to claims challenging how the state courts applied federal law, while § 2254(d)(2) describes the standard to be applied to claims challenging how the state courts determined the facts." *Winston v. Kelly*, 592 F.3d 535, 553 (4th Cir. 2010). "'[A] determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" *Tucker v. Ozmint*, 350 F.3d 433, 439 (4th Cir. 2003) (quoting 28 U.S.C. § 2254(e)(1)). Because the South Carolina Supreme

4

Court summarily denied Petitioner's certiorari petition, *see* ECF No. 11-24, the Court directly reviews the PCR court's reasoning. *Brumfield v. Cain*, 135 S. Ct. 2269, 2276 (2015) (applying the "look-through" doctrine).

## **Discussion**

Petitioner alleges four grounds for relief in his § 2254 petition: Grounds One through Three present ineffective assistance claims, and Ground Four alleges error by the plea court. *See* ECF No. 1. The Magistrate Judge recommends granting summary judgment on all grounds, concluding that Grounds One and Four are procedurally defaulted and that Grounds Two and Three fail on the merits. R & R at pp. 14–29. Petitioner objects to the Magistrate Judge's recommendations. *See* Pet.'s Objs. [ECF No. 19].

**I.      Grounds One & Four—Procedural Default**

In Ground One, Petitioner alleges plea counsel was ineffective for (a) failing to advocate on Petitioner's behalf, (b) advising Petitioner to waive presentment of the kidnapping indictment, and (c) advising Petitioner to plead guilty to kidnapping. *See* ECF No. 1-1 at pp. 2–16. In Ground Four, he alleges his due process rights were violated by the plea court's partiality toward the prosecution during the plea process. *See id.* at pp. 21–24. The Magistrate Judge correctly explains both grounds are procedurally defaulted because the three claims alleged in Ground One were neither raised in Petitioner's PCR application nor ruled upon by the PCR court, and the claim in Ground Four was not raised on direct appeal or to the PCR court and was not ruled upon by the PCR court. In fact, Petitioner acknowledges in his § 2254 petition that "Grounds One and Four were procedurally defaulted in the state court proceedings." *See id.* at pp. 5, 10, 12.

Having conducted a de novo review of the record and Grounds One and Four, the Court agrees

with the Magistrate Judge that Petitioner has not shown cause and prejudice to excuse his default. The Court hereby adopts and incorporates by reference the applicable law and discussion set forth in the R & R regarding exhaustion, procedural default, and cause and prejudice, *see* R & R at 8–23, and it finds Petitioner's claims in Grounds One and Four are procedurally barred from federal habeas review because they were not fairly presented to the South Carolina courts. Thus, the Court cannot consider the merits of his claims. *See Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012) ("[A] federal court ordinarily may not consider claims that a petitioner failed to raise at the time and in the manner required under state law unless 'the prisoner demonstrates cause for the default and prejudice from the asserted error.'" (quoting *House v. Bell*, 547 U.S. 518, 536 (2006))).

However, while the Magistrate Judge's discussion focuses on cause and prejudice (and Petitioner objects to that discussion), Petitioner also alleges "'actual innocence'" in his objections.[5] *See* Pet.'s Objs. at p. 9. Actual innocence—also known as the fundamental miscarriage of justice exception—is a separate standard for excusing a habeas petitioner's default, *see Wolfe v. Johnson*, 565 F.3d 140, 158 (4th Cir. 2009), and it requires a petitioner "asserting innocence as a gateway to defaulted claims [to] establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"[6] *House*, 547 U.S. at 536–37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see Murray v. Carrier*, 477 U.S. 478 (1986). An actual innocence "claim requires [the] petitioner to support his allegations of constitutional error with ***new***

---

[5] Petitioner argued actual innocence in his response in opposition to Respondent's motion for summary judgment, *see* ECF No. 15 at p. 19 (citing *Murray v. Carrier*, 477 U.S. 478 (1986)), but the Magistrate Judge did not specifically address it in the R & R.

[6] "Pleading guilty does not entirely preclude a petitioner from claiming actual innocence at habeas proceedings; however, guilty pleas and partial confessions seriously undermine the claim." *Clark v. Clarke*, 2017 WL 819500, at *4 (W.D. Va. Mar. 1, 2017) (internal quotation marks omitted), *appeal dismissed*, 694 F. App'x 195 (4th Cir. 2017).

6

*reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence . . . . Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup*, 513 U.S. at 324 (emphasis added). Here, Petitioner has not presented such "new reliable evidence" to support a claim of actual innocence. Thus, he cannot maintain such a claim to excuse his default.

Accordingly, the Court modifies the R & R to reflect that Petitioner has not shown either (1) cause and prejudice *or (2) actual innocence* to excuse his default, and the Court overrules Petitioner's objections concerning Grounds One and Four.

## II. Grounds Two & Three—Merits Review

Petitioner alleges ineffective assistance of counsel claims in Grounds Two and Three. The Court must review such claims under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), which applies to challenges to guilty pleas based on ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). A habeas petitioner must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Because the PCR court addressed the merits of the ineffective assistance claims raised in Grounds Two and Three, Petitioner must establish under § 2254(d) that the PCR court unreasonably applied *Strickland*. *See, e.g.*, *Rodriguez v. Bush*, 842 F.3d 343, 346 (4th Cir. 2016). The inquiry is therefore "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "The standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." *Id.* (internal quotation marks and citations omitted).

### A. Ground Two

7

Petitioner alleges plea counsel was ineffective for failing to object to a new indictment (i.e., the kidnapping indictment that followed the accessory indictment). *See* ECF No. 1-1 at pp. 17–20. The PCR court concluded Petitioner did not satisfy either prong of the *Strickland* test, *see* ECF No. 11-1 at pp. 228–29, and the Magistrate Judge recommends finding the PCR court's conclusion was not contrary to or an unreasonable application of Supreme Court precedent. *See* R & R at pp. 25–27. Petitioner appears to object to this finding. *See* Pet.'s Objs. at pp. 5, 7.

As the Magistrate Judge explains, Petitioner's claim relates to the kidnapping indictment and his waiver of presentment of that indictment to the grand jury.[7] At the plea hearing, Petitioner informed the court that he wished to waive presentment and that he did not have any questions about the grand jury's functions or his right to have the matter sent to the grand jury, and the plea court found his decision was freely and voluntarily made. *See* ECF No. 11-1 at p. 14. At the PCR hearing, plea counsel testified that he saw no basis for challenging either the kidnapping or accessory indictments, that he and Petitioner discussed waiving presentment to the Aiken County grand jury, and that Petitioner understood what such waiver meant. *Id.* at pp. 213. Significantly, the PCR court found plea counsel's testimony credible. *Id.* at p. 227; *see Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (stating a federal habeas court cannot overturn a state court's credibility judgments absent "stark and clear" error (citing 28 U.S.C. § 2254(e)(1)). The Court finds the PCR court did not unreasonably apply *Strickland* in rejecting Petitioner's ineffective assistance claim, and therefore adopts the Magistrate Judge's recommendation regarding Ground Two.

**B.    Ground Three**

---

[7]    As previously explained, in 2008, Petitioner was indicted for accessory after the fact to a felony, and in 2009, he pled guilty to kidnapping and the accessory charge was nolle prossed.

Petitioner alleges plea counsel was ineffective for failing to object to subject matter jurisdiction. *See* ECF No. 1-1 at pp. 20–21. The PCR court found this claim meritless, *see* ECF No. 11-1 at pp. 229–30, and the Magistrate Judge recommends finding the PCR court's conclusion was not contrary to or an unreasonable application of Supreme Court precedent. *See* R & R at pp. 27–29.

In his objections, Petitioner focuses less on the ineffective assistance component of his claim and more on whether the plea court had subject matter jurisdiction over his kidnapping charge. *See, e.g.*, Pet.'s Objs. at pp. 4–8, 10. For instance, he argues that "grave concerns" exist regarding "whether the trial court retained 'subject-matter-jurisdiction' over the case," and that "the [s]tate [c]ourt lacked subject-matter-jurisdiction over the charge." *Id.* at pp. 4, 10. Petitioner cites a variety of South Carolina cases, statutes, and rules in support of his jurisdiction argument. *See id.* However, "[w]hether a state court has subject matter jurisdiction over an offense is a question of state law," *Griffin v. Padula*, 518 F. Supp. 2d 671, 677 (D.S.C. 2007), and a federal court cannot issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). *See Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998) (recognizing jurisdiction is a matter of state law); *see, e.g.*, *id.* ("Because Wright's claim, when pared down to its core, rests solely upon an interpretation of Virginia's case law and statutes, it is simply not cognizable on federal habeas review."). Thus, any freestanding allegation that the state plea court lacked subject matter jurisdiction is not cognizable on § 2254 review.

In any event, the Court agrees with the Magistrate Judge's analysis. The PCR court concluded plea counsel was not ineffective because "there [was] no basis upon which to conclude that the plea court lacked subject matter jurisdiction." ECF No. 11-1 at p. 229–30. The PCR court indicated it found that plea counsel was not deficient because Petitioner pled guilty in General Sessions Court (i.e.,

9

criminal court) after waiving presentment of the kidnapping indictment and because the kidnapping and accessory indictments were facially valid, and that Petitioner was not prejudiced because any alleged defects in the indictments did not affect the plea court's subject matter jurisdiction in light of *State v. Gentry*, 363 S.C. 93 (S.C. 2005) (holding indictment challenges do not affect the subject matter jurisdiction of the trial court). *Id.* at p. 229–30. The Court finds the PCR court's determinations that plea counsel was not deficient and that Petitioner was not prejudiced are a reasonable application of *Strickland*. Accordingly, the Court overrules Petitioner's objections concerning Ground Three.

### **Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### **Conclusion**

The Court has reviewed the entire record and conducted a de novo review of those portions of the R & R to which Petitioner specifically objects. For the reasons stated in this Order and in the R &

10

R, the Court overrules Petitioner's objections and adopts and incorporates the R & R [ECF No. 17] as modified herein. Accordingly, the Court **GRANTS** Respondent's motion for summary judgment [ECF No. 12] and **DENIES AND DISMISSES** Petitioner's § 2254 petition *with prejudice*. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  
March 28, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge